56 F.3d 73
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Raj Kumar SANDHI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICES, Respondent.
 No. 93-70719.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Jan. 9, 1995.
Decided June 1, 1995.
 
 Before: GOODWIN, SCHROEDER, and TASHIMA*, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raj Kumar Sandhi appeals from the Board of Immigration Appeals' ("BIA") denial of his application for asylum and withholding of deportation. He disputes the BIA's determination that his testimony was not credible, that his interrogation by the police was a legitimate prosecutorial act and that, in any event, he was ineligible for asylum because he failed to show a nationwide threat of persecution. Because Sandhi cannot overcome the adverse credibility findings by the BIA, we affirm.
 
 I. FACTS AND PROCEDURAL HISTORY
 
 3
 Raj Kumar Sandhi, a Sikh native and citizen of the Punjab, India, entered this country in August, 1991. On August 28, 1991, the Immigration and Naturalization Service ("INS") issued him with an Order to Show Cause, charging him with being deportable pursuant to 8 U.S.C. Sec. 1251a(1)(B) for entering the United States without inspection. Sandhi admitted deportability, but applied for asylum and withholding of deportation. At his hearing, Sandhi told the following story of political persecution.
 
 
 4
 Sandhi testified that his troubles began in September, 1990, when Sikh militants, who advocate the use of violence to create an independent Sikh state (Khalistan), came to his home to recruit him. He said he refused to join, and told them that, while he supported the creation of Khalistan, he did not believe the Sikh religion permitted the use of violent methods to achieve these ends. He said the militants warned him they would kill him if he should become involved in the government.
 
 
 5
 Sandhi said the militants repeated their demands a month later, again to no avail. He said that the militants threatened to kill him, but gave him another chance. According to Sandhi, his third and final encounter with the militants took place in February of 1991, when he again refused to join them, but again was given another chance to reconsider.
 
 
 6
 Sandhi told the IJ he was afraid the militants would carry out their threats. He testified that he knew of others who had been killed by Sikh militants after refusing to join them.
 
 
 7
 Sandhi also told the IJ about his troubles with the police, who came to his home in March, 1991, and told him they suspected him of involvement with the Sikh militants. Sandhi testified that he was taken to the police station, detained for three days, and so severely beaten with sticks that he required medical treatment upon his release, which was secured by a bribe paid by his family. He said the police accused him of being a militant and asked him the identities and whereabouts of other militants. Sandhi reported that, since coming to the United States, he has heard from his parents that both the police and the militants have been inquiring about him.
 
 
 8
 On October 15, 1992, the Immigration Judge ("IJ") denied asylum and withholding of deportation, because Sandhi was not credible and, in any event, not persecuted on account of political opinion. The IJ granted voluntary departure. The BIA affirmed.
 
 II. DISCUSSION
 
 9
 We review credibility determinations for substantial evidence, Vilorio-Lopez v. INS, 852 F.2d 1137 (9th Cir. 1988), deferring to findings that are fairly supported by the record. Martinez-Sanchez v. INS, 794 F.2d 1396, 1400 (9th Cir. 1986) (citing Saballo-Cortez v. INS, 761 F.2d 1259, 1262 (9th Cir. 1984)).
 
 
 10
 An IJ's finding that a petitioner is not credible must be supported by "specific, cogent" reasons for disbelief. Berroteran-Melendez v. INS, 955 F.2d 1251, 1256 (9th Cir. 1992) (citing Turcios v. INS, 821 F.2d 1396, 1399 (9th Cir. 1987)). Not only must the IJ state the reasons for negative credibility findings, but these reasons must be both substantial and legitimately connected to the finding. Aguilera-Cota v. INS, 914 F.2d 1375, 1381 (9th Cir. 1990). That is, we require a "rational and supportable connection between the reasons cited and the conclusion that the petitioner is not credible." Aguilera-Cota, 914 F.2d at 1381.
 
 
 11
 The IJ was not convinced that Sandhi was telling the truth or, at the least, "telling an objective story." The IJ cited to seven points in Sandhi's testimony that cast doubt on the veracity of Sandhi's story.
 
 
 12
 First, the IJ found Sandhi's account of his initial meeting with the militants ambiguous because he first testified that he never saw them and then testified that he had in fact spoken with them. The transcript of the hearing shows that Sandhi said he had been at home asleep. He said the militants came into the house and spoke with his father. When the IJ asked whether Sandhi ever woke up and saw them during that visit, Sandhi said "No, I did not see them." The IJ immediately asked whether the visit occurred while Sandhi was asleep, to which he also replied no. After the IJ said that he didn't understand, Sandhi explained that he did in fact have an encounter with the militants on that occasion, that his father had called to him to come out and he did.
 
 
 13
 The IJ's second concern was with Sandhi's conflicting testimony as to whether he was frightened of the militants during his first encounter with them. Sandhi said he had not been afraid to tell the militants that the Sikh gurus taught that killing was wrong, but he had been scared that he would be killed for refusing to join them. Because the IJ found these two statements incompatible, he doubted whether Sandhi was telling the truth.
 
 
 14
 The IJ also found Sandhi's testimony about his second encounter with the militants to be contradictory. This run-in occurred outside his village and was apparently witnessed by no outsiders. Yet Sandhi told the IJ that he had been afraid the encounter would make the police suspicious of him. The IJ found it "strange" that Sandhi should have been afraid, because no outsiders saw him there.
 
 
 15
 Fourth, the IJ found Sandhi's testimony about his friends and acquaintances who had been persecuted to be "vague," particularly his inability to explain how he came by his knowledge of their abuse at the hands of the police.
 
 
 16
 Fifth, the IJ was particularly concerned by the "seeming conflict" in Sandhi's testimony about his interrogation by the police, in which he said the police suspected him of being a militant and asked the names of those who came to visit him. Sandhi told the IJ that he told the police he did not know, but that he did not tell them about the encounters. The IJ found Sandhi's testimony contradictory, because his testimony that he never told the police about the encounters made any questioning about the names of the "so-called militants" doubtful. Finally, the IJ was "concerned" about the lack of testimony about one of Sandhi's brothers, who is in the United States, and another brother in India, who remains untroubled by the police or militants. The IJ was not convinced by Sandhi's explanation that his brother's illiteracy explained the police or militants' lack of interest in him.
 
 
 17
 The BIA affirmed the IJ's adverse credibility findings. As the above summary indicates, substantial evidence supports the finding; thus, Sandhi has failed to meet his burden of persuasion on his claim of persecution. Saballo-Cortez v. INS, 761 F.2d 1259, 1262 (9th Cir. 1985); Berroteran-Melendez v. INS, 955 F.2d 1251, 1258 (9th Cir. 1992) ("Because the BIA expressly adopted the IJ's finding that Berroteran-Melendez's testimony lacked credibility, there is no basis for the claim of past persecution.")
 
 
 18
 Because substantial evidence supports the IJ's findings on credibility, we need not consider petitioner's other claims.
 
 
 19
 Affirmed.
 
 
 
 *
 Honorable A. Wallace Tashima, United States District Judge for the Central District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3